Everett O. MARTINDALE *v.* Jeffrey RICHMOND

89-244                                     782 S.W.2d 582

Supreme Court of Arkansas
Opinion delivered January 22, 1990

*Everett O. Martindale*, for appellant.

No brief filed.

TOM GLAZE, Justice. The appellant appeals from a letter of caution issued by the Arkansas Supreme Court Committee on Professional Conduct after the Committee found he violated Rule 1.9 of the Model Rules of Professional Conduct. After our *de novo* review of the record, we affirm. *See Sexton* v. *Arkansas Supreme Court Committee on Professional Conduct*, 299 Ark. 439, 774 S.W.2d 114 (1989).

Jeffrey Richmond initiated this proceeding by filing a complaint with the Committee alleging that, in June 1982, he hired the appellant to file a divorce suit against Richmond's wife, Adele.[1] The Richmonds reconciled, and in August 1982, appellant had the suit dismissed.

Sometime later, the Richmonds were divorced, but appellant represented neither of them at the time. In September 1987,

---

[1] Adele's surname now is Scaife, but to avoid any confusion, we refer to her given name throughout this opinion.

however, Adele contacted and hired appellant to represent her in seeking an increase in child support payments from Mr. Richmond. Appellant testified that when he agreed to represent Adele, he had no recollection of having represented Mr. Richmond in the parties' divorce action in 1982. Apparently, in preparing for the child support hearing, the parties and their respective attorneys met in connection with discovery proceedings in appellant's office, and neither Mr. Richmond nor his attorney raised the conflict of interest issue concerning appellant's prior representation of Mr. Richmond. Appellant stated that he was first apprised of his prior representation of Richmond about five minutes before the scheduled hearing on Adele's petition for increased support. He argues that such last minute tactics were used to force settlement of Adele's claim or to obtain a delay of the hearing.

Richmond testified that in his initial visit with his attorney, he mentioned that appellant had previously represented him in a prior divorce action against Adele. Richmond's attorney averred that he learned of this information a day or so before the support hearing, and asked his client to determine whether appellant had actually filed the divorce action in 1982. Mr. Richmond responded on the day of the child support hearing by bringing photocopies of the 1982 complaint the appellant had filed and signed on behalf of Richmond. Richmond's attorney then confronted appellant with this document and information, but appellant refused to withdraw as Adele's attorney. The special chancellor assigned to hear Adele's petition disqualified appellant because of his prior representation of Richmond. Richmond subsequently lodged his complaint with the Committee on Professional Conduct.

In hearing this dispute and making its decision to issue a caution letter to the appellant, the Committee relied upon Rule 1.9(a) which provides as follows:

> A lawyer who has formerly represented a client in a matter shall not thereafter:
>
> (a) represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation;

When considering the facts before us in view of the requirements in Rule 1.9, appellant unquestionably has represented both Mr. Richmond and Adele, as opposing parties in different but related proceedings where their adverse interests were involved, *viz.*, in representing Richmond in his divorce suit against Adele in 1982 and in representing Adele in her child support action against Richmond in 1987. In determining whether a substantially related matter exists that warrants an attorney's disqualification, we note the rule set out in 7A C.J.S. *Attorney & Client* § 160 (1980), which provides as follows:

> In order for an attorney to be disqualified from representing another client, the subject matter of the prior and subsequent representation must be substantially related, or there must be a relationship between the subsequent matter and the confidential information previously acquired, or it must appear that the attorney can use, to the detriment of such client, the information and confidences acquired during the existence of their relation as attorney and client. The relationship is sufficiently close to warrant disqualification if it can reasonably be said that, in the course of the former representation, the attorney might have acquired information related to the subject of the subsequent representation.

Here, there is no evidence that appellant actually intended to damage Richmond's defense in the present support proceeding with information or confidences he had previously acquired from Richmond during their attorney/client relationship. Nevertheless, the appearance exists that such an abuse could occur and for that reason, appellant should have declined to represent Adele when he learned that he had represented Richmond earlier.

As noted in the comment to Rule 1.9, disqualification from subsequent representation is for the protection of clients and can be waived by them. Such a waiver, however, is effective only if there is disclosure of the circumstances, including the lawyer's intended role in behalf of the new client. In this same vein, Rule 1.9 provides that an attorney who possesses a conflict of interest as described in the Rule cannot represent the other adverse party unless the attorney consults with and obtains a consent from his

former client. Resolving questions of conflict of interest is primarily the responsibility of the lawyer undertaking the representation.

■ Again, in reviewing the record, appellant undisputedly failed to undertake the responsibility of obtaining Richmond's consent. While appellant argues Richmond and his attorney waived any right to object to appellant's representation of Adele, the Committee was certainly justified in believing Richmond's attorney that he learned only a day or so before the hearing of the possible conflict, and only received documentation of it, on the day of the hearing. Richmond explained his own delay saying he was uncertain that any conflict existed unless the appellant had actually filed a divorce complaint in 1982 — a fact Richmond says he did not know until he obtained photocopies of the complaint at his new attorney's request. Perhaps, more importantly, the general rule, which is compatible with the consent requirement set out in Rule 1.9, is that there cannot be any waiver in the absence of advice of the existence of, and the legal implications arising from, the potential conflict of interest. *See* 7A C.J.S. *Attorney & Client* § 161 (1980). Such advice (or consultation required under Rule 1.9) was not shown to exist here.

In sum, the record reflects no clear and unequivocal waiver, *see* 7A C.J.S. *Attorney & Client* § 161 (1980), and by the same token, it clearly reveals the appellant refused to withdraw from representing Adele after having learned he had previously represented Richmond. It is equally clear that Richmond's consent was not obtained by the appellant, and no doubt, considering Richmond's expressed dissatisfaction with appellant's earlier representation, his consent would have not been forthcoming if asked.

For the reasons given above, we affirm the Committee's decision.